[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10217
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-81275-WPD

MICHAEL D. ARRINGTON,

                                        Plaintiff-Appellant,

versus

SHERRY GREEN,
SENATOR PHILIP D. LEWIS RESOURCE CENTER,
UNKNOWN POLICE OFFICER,
THE RESERVE AT LAKESIDE,
RAPID AUTO LOAN, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Michael Arrington, proceeding pro se, appeals the district court's sua sponte dismissal of his amended complaint and its denial of his motion seeking reconsideration of its order dismissing the state-law claims in his original complaint. Arrington contends the district court erred when it dismissed his amended complaint as a "shotgun" pleading and, alternatively, by concluding that his amended complaint failed to state a federal claim. He further contends the district court abused its discretion by failing to reconsider its dismissal of the state-law claims in Arrington's original complaint. After review, we affirm.

## I. DISCUSSION

### A. *Dismissal*[1]

Arrington first contends the district court abused its discretion by dismissing his amended complaint as an impermissible shotgun pleading. We construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Nevertheless, we "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *see also Davis v. Coca-Cola Bottling Co.*

---

[1] We review for abuse of discretion a district court's dismissal on grounds that a complaint is an impermissible shotgun pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

*Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Shotgun pleadings are improper in that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Vibe Micro*, 878 F.3d at 1294; *see also Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (identifying four rough categories of shotgun pleadings).  Further, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  *Vibe Micro*, 878 F.3d at 1295 (quotation and alteration omitted).  Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint.  *Id.* at 1296.

Throughout the section of Arrington's amended complaint titled "Factual Allegation[s] Related to All Causes of Action," Arrington scattered legal arguments, legal standards, legal conclusions, and even (incomplete) citations to legal authorities.  Arrington then incorporated those so-called "factual allegations" into his various causes of action.  Thus, the district court did not abuse its discretion by determining that Arrington's amended complaint was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular

cause of action." *See Weiland*, 792 F.3d at 1322. Further, in its order dismissing Arrington's original complaint, the district court informed Arrington of the shotgun-nature of his pleading and gave him an opportunity to re-plead his federal claims. We therefore conclude the district court acted within its discretion in dismissing Arrington's amended complaint, which failed to correct the deficiencies previously identified by the district court.

## B.  Reconsideration[2]

Arrington next challenges the district court's denial of his motion seeking reconsideration as to the dismissal of the state-law claims in his original complaint. Arrington's sole contention—both before the district court and on appeal—is that the district court misapplied the amount-in-controversy standard for diversity jurisdiction.

We need not determine whether the district court misapplied the amount-in-controversy standard, because Arrington has abandoned review of the district court's order dismissing his original complaint. To obtain reversal of a judgment that is based on multiple, independent grounds, an appellant must challenge every stated ground. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). In its order dismissing Arrington's state-law claims, the district court

---

[2] We review for abuse of discretion a district court's denial of a motion brought under Federal Rule of Civil Procedure 60(b). *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

stated: "The *entire* Complaint is subject to dismissal as an impermissible shotgun pleading."  USDC Doc. 4 at 3 (emphasis added).  This provided a ground for dismissal completely independent of the amount-in-controversy requirement.  Because Arrington failed to challenge this independent ground on appeal, he is deemed to have abandoned any challenge to the district court's conclusion that his original complaint was an impermissible shotgun pleading.  *See id.*  Consequently, even if we were to assume the district court misapplied the amount-in-controversy requirement, we would be compelled to affirm the district court's dismissal of Arrington's state-law claims on shotgun-pleading grounds.  Thus, the issue of whether the district court abused its discretion by not reconsidering the other grounds for its dismissal is moot.

## II.  CONCLUSION

The district court did not err by dismissing Arrington's amended complaint as an impermissible shotgun pleading.  And Arrington has abandoned any challenge to the dismissal of his state-law claims by failing to challenge the district court's conclusion that his original complaint was also an impermissible shotgun pleading.  Therefore, we need not consider whether the district court should have reconsidered the other reason it gave for dismissing Arrington's state-law claims.

**AFFIRMED.**